IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-388-GMS |
| | ) |
| PERRY PHELPS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 21st day of July, 2011;

IT IS ORDERED that the plaintiff's motion for reconsideration (D.I. 4) is denied, for the reasons that follow:

## I. BACKGROUND

The plaintiff, James Arthur Biggins ("Biggins"), is an inmate incarcerated at the James T. Vaughn Correctional Center, Smyrna, Delaware. On June 15, 2011, the court denied Biggins leave to proceed without prepayment of fees on the basis that he had three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. (D.I. 3); *see* 28 U.S.C. § 1915(g). He moves for reconsideration on the grounds that he filed the case as a habeas corpus petition pursuant to 28 U.S.C. § 2254. (D.I. 4)

## II. STANDARD OF REVIEW

The standard for obtaining relief under Rule 59(e) is difficult for Biggins to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d

669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

### III. DISCUSSION

Biggins is a frequent filer and is well aware of the three strikes provision contained in the Prison Litigation Reform Act. His complaint is titled as a habeas corpus petition, but raises medical needs claims, as well as claims under the Americans with Disabilities Act and the Rehabilitation Act. In reading the complaint, is obvious that Biggins attempted to avoid payment of the $350.00 filing fee by filing the complaint under the guise of a habeas corpus petition.

Captions and titles that a *pro se* litigant places upon filings are irrelevant; rather, it is the function and substance of the documents that are determinative. *Lewis v. Attorney Gen. of U.S.*, 878 F.2d 714, 722 n.20 (3d Cir. 1989); *see also Torres v. Oakland Scavenger Co.*, 487 U.S. 312,

316-317 (1988) (examining whether the *pro se* appellant's filing accomplished the "functional equivalent of what the rule requires"). While Biggins titled his filing as a habeas corpus petition, it is evident that it is nothing of the sort.

## IV. CONCLUSION

Biggins has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the court's June 15, 2011 order denying him leave to proceed *in forma pauperis*. The motion for reconsideration is **denied**. (D.I. 4.) Biggins is given **thirty (30) days** from the date of this order to pay the $350.00 filing fee. If the filing fee is not paid within that time, the complaint shall be dismissed without prejudice and closed pursuant to 28 U.S.C. § 1915(g).

CHIEF, UNITED STATES DISTRICT JUDGE